IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET ZAWALSH, | : | CIVIL ACTION NO.: |
| *Plaintiff*, | : | |
| vs. | : | |
| KELLOGGS USA, | : | **JURY TRIAL DEMANDED** |
| *Defendants*. | : | |

**COMPLAINT AND JURY DEMAND**

I. **PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, attorney's fees and other relief on behalf of Plaintiff, Margaret Zawalsh ("Zawalsh"), a former employee of Kelloggs USA, who has been harmed by the Defendant's unlawful discriminatory employment practices.

2. Zawalsh's claims arise under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000 (e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

II. **JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337. The supplemental jurisdiction of this Court is invoked pursuant to 28

U.S.C. §1367, to consider Zawalsh's claim arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

4. All conditions precedent to the institution of this suit have been fulfilled. On April 6, 2004, a Notice of Right to Sue was issued by the United States Equal Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

5. Zawalsh has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES:

6. Plaintiff, Margaret Zawalsh ("Zawalsh"), is a female individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2434 North Colebrook Road, Manheim, Pennsylvania 17545.

7. Defendant, Kelloggs USA, is a corporation duly organized and existing under the laws of the State of Michigan, with a place of business located at 2050 State Road, Lancaster, Pennsylvania 17604.

### IV. STATEMENT OF CLAIMS:

8. Zawalsh was employed by the Defendant as a Shift Employee from on or about April 2000 until on or about August 4, 2001, the date of her untimely termination.

9. At all times relevant hereto, Zawalsh maintained a satisfactory job performance rating in that capacity.

10. As a Shift Employee with the Defendant, Zawalsh was expected to perform a variety of factory positions. During her employment with the Defendant, Zawalsh was assigned a particular factory position at the start of each day depending upon the needs and demands of the Defendant. Zawalsh was trained by the Defendant in five or more factory positions.

11. In or about February 2001, Zawalsh discovered she was pregnant. Zawalsh informed the Defendant of her pregnancy in or about early July of 2001.

12. After informing the Defendant of her pregnancy, the Defendant advised Zawalsh that she would not be permitted to work in its factory while she was pregnant because certain positions may expose her to chemicals.

13. That same week, the Defendant's Company Nurse told Zawalsh that the Defendant could not "accommodate a pregnant woman" despite the fact that Zawalsh did not request any accommodation in that she was physically able to perform all required job duties.

14. On or about August 4, 2001, the Defendant terminated Zawalsh's position of employment, telling her that she would not be permitted to work while she was pregnant.

15. Zawalsh believes and avers that only a few positions with the Defendant would have exposed her to chemicals, that there were numerous positions available that she was trained to perform and had in fact performed in the past, and that her employment

with the Defendant was terminated solely because of her gender / pregnancy.

## COUNT I
### (TITLE VII - Gender / Pregnancy Discrimination)
### Zawalsh v. the Defendant

16.     Zawalsh incorporates by reference paragraphs 1 through 15 of this Complaint as fully set forth at length herein.

17.     The actions of the Defendant, through its agents, servants and employees, in subjecting Zawalsh to discrimination in the terms, conditions and privileges of her employment, and in terminating Zawalsh because of her gender / pregnancy, constituted a violation of Title VII.

18.     As a direct result of the Defendant's willful and unlawful actions as aforesaid, in violation of Title VII, Zawalsh has suffered emotional distress, humiliation, embarrassment, loss of self-esteem, and has sustained a loss of earnings, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (PHRA - Gender / Pregnancy Discrimination)
### Zawalsh v. the Defendant

19.     Zawalsh incorporates by reference paragraphs 1 through 18 of this Complaint as fully set forth at length herein.

20.     The actions of the Defendant, through its agents, servants and employees, in subjecting Zawalsh to discrimination in the terms, conditions and privileges of her employment, and in terminating Zawalsh because of her gender / pregnancy, constituted a

violation of the PHRA.

21. As a direct result of the Defendant's willful and unlawful actions as aforesaid, in violation of the PHRA, Zawalsh has suffered emotional distress, humiliation, embarrassment, loss of self-esteem, and has sustained a loss of earnings, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## **PRAYER FOR RELIEF**

22. Zawalsh incorporates by reference paragraphs 1 through 21 of this Complaint as fully set forth at length herein.

**WHEREFORE**, Zawalsh requests that this Court enter judgment in her favor and against the Defendant and order that:

    a.    Defendant compensate Zawalsh with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful discrimination;

    b.    Defendant compensate Zawalsh with an award of front pay, if appropriate;

    c.    Defendant compensate Zawalsh for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

    d.    Defendant pay to Zawalsh compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

    e.    Defendant pay to Zawalsh punitive damages, pre and post judgment

    interest, costs of suit and attorney and expert witness fees as allowed by law;

f.    the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Zawalsh demands trial by jury.

        SIDNEY L. GOLD & ASSOCIATES, P.C.

        By: S/Sidney L. Gold-SG-1387
          SIDNEY L. GOLD, ESQUIRE
          Attorney I.D. #: 21374
          TRACI M. GREENBERG, ESQUIRE
          Attorney I.D. #86396
          KRYSTN E. MUNDY, ESQUIRE
          Attorney I.D. #89152
          1835 Market Street, Suite 515
          Philadelphia, PA 19103
          (215) 569-1999
          Attorneys for Plaintiff