IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET ZAWALSH, | : CIVIL ACTION NO.: 04-2903 |
| Plaintiff, | : |
| vs. | : |
| KELLOGGS USA, | : |
| Defendant. | : |

## ORDER

**AND NOW** this       day of       , 2010, it is hereby **ORDERED and DECREED** that upon consideration of Defendant's Motion to Dismiss for Lack of Prosecution and Plaintiff's Counsel's response thereto, it is hereby **ORDERED** that Defendant's Motion to Dismiss for Lack of Prosecution is **DENIED.**

**BY THE COURT:**

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET ZAWALSH, | CIVIL ACTION NO.: 04-2903 |
| *Plaintiff*, | |
| vs. | |
| KELLOGGS USA, | |
| *Defendant*. | |

## PLAINTIFF'S COUNSEL'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION

Presently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Prosecution. Defendant asserts that Plaintiff's Complaint should be dismissed because the case is nearly six (6) years old and Plaintiff has made no effort to move this case forward, nor has she had any contact with her counsel since prior to the filing of the complaint.

Additionally pending before the Court is Plaintiff's Counsel's Motion for Leave of Court to Withdraw as Counsel. Given the said pending Motion for Leave of Court to Withdraw, and the conflict of interest that exists between the undersigned counsel and the Plaintiff, the undersigned counsel is unable to make any representations to the Court on behalf of Plaintiff relative to the Defendant's Motion to Dismiss for Lack of Prosecution.

However, the undersigned counsel feels compelled to remind the Court that any failure to prosecute the Plaintiff's claims was not a result of any actions or omissions of

the undersigned counsel and was solely a result of Plaintiff's failure and refusal to communicate with her counsel. By way of elaboration, and as set forth in detail in Plaintiff's Counsel's Motion for Leave to Withdraw, on or about September 6, 2001, Plaintiff entered into an attorney-client relationship with the law firm of Sidney L. Gold & Associates, P.C. to represent her in a claim against the Defendant. On June 30, 2004, the undersigned counsel filed a Complaint in this court on behalf of the Plaintiff with respect to said claim. In connection thereto, on August 2, 2004, August 3, 2004, August 4, 2004, and August 5, 2004, Plaintiff's counsel made attempts to contact Plaintiff regarding this pending litigation by way of telephone. Plaintiff's counsel left voice messages for the Plaintiff on each such occasion instructing her to contact counsel's office immediately. Having not received a response from the Plaintiff to the aforesaid telephone voice messages, on August 6, 2004, Plaintiff's counsel sent a letter to the Plaintiff requesting that Plaintiff contact counsel immediately. To date, Plaintiff's counsel has not received a response from the Plaintiff.

Therefore, on September 20, 2004, due to Plaintiff's lack of cooperation, Plaintiff's counsel filed a Motion for Leave to Withdraw as Counsel to the Plaintiff in this action. On October 5, 2004, the Honorable Bruce Kauffman denied Plaintiff's counsel's Motion for Leave to Withdraw as Counsel. In denying the said Motion, Judge Kauffman cited Local Rule 5.1(c), which states, "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same

time enter an appearance for the same party." Thereafter, on November 4, 2004, Judge Kauffman entered an Order marking this action as closed for statistical purposes due to Plaintiff's failure to communicate with her counsel and Plaintiff's counsel's lack of authority to represent Plaintiff's interests in this matter.

On August 10, 2009, the instant matter was transferred from the docket of Judge Kauffman to the docket of the Honorable James Knoll Gardner. Subsequently, on August 19, 2009, the undersigned counsel sent a letter to Plaintiff's last known address requesting that Plaintiff contact her counsel immediately. As of this date Plaintiff has failed to contact her counsel to discuss the instant matter. Consequently, the undersigned counsel has no authority to make any representations on behalf of Plaintiff, or represent the interests of Plaintiff, in connection with this matter.

On December 29, 2009, Judge Gardner entered an Order removing this case from civil suspense. On January 15, 2010, Judge Gardner entered an Order scheduling a Rule 16 Conference in this matter for March 17, 2010. Given Plaintiff's failure and refusal to communicate with her counsel, Plaintiff's counsel is unable to make any representations to the Court on Plaintiff's behalf. Nor is Plaintiff available or willing to assist her counsel in the prosecution of this claim. Accordingly, Plaintiff's counsel filed a renewed Motion for Leave to Withdraw as Counsel for Plaintiff on February 8, 2010. On February 8, 2010, the undersigned counsel sent Plaintiff a copy of the pending Motion to Withdraw via U.S. mail. Said correspondence was returned to the undersigned counsel's office as

"Not Deliverable as Addressed, Unable to Forward."

Given Plaintiff's failure and refusal to communicate with her undersigned counsel, it is respectfully requested that the Court grant Plaintiff's Counsel's Motion to Withdraw as Counsel to Plaintiff and require Plaintiff to represent her interests *pro se*, should the Court deny the Defendant's Motion to Dismiss for Lack of Prosecution.

Respectfully submitted,

SIDNEY L. GOLD & ASSOC., P.C.

By: /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
Attorney I.D. #: 21374
TRACI M. GREENBERG, ESQUIRE
Attorney I.D. #86396
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Plaintiff

DATE:     March 23, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of **Plaintiff's Counsel's Response to Defendant's Motion to Dismiss for Lack of Prosecution** to be served by United States Mail, First Class Service, properly addressed and postage prepaid, upon the following:

**Kenneth I. Trujillo, Esquire**
TRUJILLO RODRIQUEZ & RICHARDS
226 W. RITTENHOUSE SQ.
THE PENTHOUSE
PHILADELPHIA, PA 19103
Attorney for Defendant

-and-

Ms. Margaret Zawalsh, Plaintiff
27 W. Stiegel Street
Manheim, PA 17545

/s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
Attorney for Plaintiff

DATE:   March 23, 2010